# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER J. BARNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-24-439-J |
| | ) |
| CYNTHIA SMITH et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

On April 22, 2024, Plaintiff, a prisoner appearing *pro se* and *in forma pauperis* filed this action under 42 U.S.C. § 1983 alleging various violations of his constitutional rights. (ECF No. 1). United States District Judge Bernard M. Jones has referred the matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). (ECF No. 7).

I.  DISCUSSION

On November 20, 2024, Defendants filed a Motion to Dismiss requesting dismissal of Plaintiff's Complaint. (ECF No. 27). Beginning on December 2, 2024, Mr. Barnett filed a series of pleadings, with the first being a Motion to Amend his Complaint stating he had received the "states answer" and was now seeking 60 additional days to amend and add parties. (ECF No. 28). On December 18, 2024, Plaintiff filed a pleading containing an "Answer" to the Motion to Dismiss, along with four other motions. (ECF No. 29).

On December 31, 2024, with no objection by the Defendants and following a thorough review of the numerous filings,[1] the Court gave Mr. Barnett until January 30, 2025, to either file: (1) a proper response to the Motion to Dismiss[2] or (2) an Amended Complaint. (ECF No. 33:3). Plaintiff was provided a blank 1983 Complaint form and was specifically warned that failure to comply with this Court's orders may result in the dismissal of this action without prejudice to re-filing. *See* ECF No 33:4-5. But Mr. Barnett did not meet the January 30 deadline; in fact, the Court has now granted four (4) requests for additional time to respond to the Court's Order. Each Motion and Order is detailed as follows:

1. ECF No. 34—Motion - Facility on lockdown and Plaintiff recovering from hernia surgery. Requested a 60 day extension to get everything filed.
ECF No. 35—Order - Granting extension until April 11, 2025.

2. ECF No. 37—Motion - Plaintiff lost copy of Court's Order. Requested additional time to complete and amend his filing.
ECF No. 38—Order - Granting extension until June 11, 2025, and was provided another copy of ECF No. 33.

3. ECF No. 39—Motion - Plaintiff requested additional time to gather names of additional defendants to add to his amended complaint.
ECF No. 40—Order - Granting extension until July 11, 2025.

4. ECF No. 41—Motion - Plaintiff received mail late, plaintiff has multiple other filings, and the facility is again on lockdown. Requested at least an additional 60 days.
ECF No. 42—Order -Granting extension until August 25, 2025.

---

[1] *See* ECF Nos. 30-32.

[2] The Court had noted that a proper response/objection to the Motion to Dismiss must comply with the Court's rules and shall not include any additional allegations, arguments, or motions. *See* ECF No. 33:3.

On August 5, 2025, in the Court's most recent Order granting Plaintiff until August 25, 2025 to respond, the Plaintiff was warned that no further extension was anticipated. See ECF No. 42:2.[3]

Again, as noted above, the Court entered its first Order on December 31, 2024, directing Plaintiff to respond by filing either: (1) a proper response to the Motion to Dismiss or (2) an Amended Complaint. See ECF No. 33:3. To date, as evidenced by the continuances, over eight (8) months have passed since the Court entered this order. Thus, the Court has given Plaintiff multiple opportunities to prosecute this action in a timely manner, mindful of judicial resources, and in compliance with the Federal Rules of Civil Procedure.

IN ADDITION, the undersigned takes judicial notice that Plaintiff has subsequently initiated three (3) matters[4] before this Court. They are identified as follows:

1. Pending -- 24-cv-00790-J
   *Barnett v. Hamilton et al* – Complaint filed on 7/31/2024

2. Closed -- 25-cv-00248-J
   *Barnett v. Oklahoma State Reformatory et al* – Complaint filed on 2/26/2025

---

[3] Currently before the Court are two Motions filed by Mr. Barnett: (1) Plaintiff's "Motion for Copy of Original Filing and State's Response" and (2) "Motion for Copy of Both Original and Amended Filings Motion for Small Extension of Time." See **ECF Nos. 43 and 44**. Plaintiff's first Motion (ECF No. 43), filed August 14, 2025, appears to be requesting a copy of his Complaint (original filing) (ECF No. 1) and the Motion to Dismiss (State's Response) (ECF No. 27) filed by the Defendants. This Motion does not request additional time but does suggest the Court provide the copies "quickly" so Plaintiff may meet the deadline of August 25th. *Id.* In the second pending Motion (ECF No. 44), Plaintiff requests his "original and amended filings and the States answer." Mr. Barnett states he "cannot locate any of the papers related to his case," but it is unclear to the Court if Mr. Barnett is requesting his entire file or just the previously requested pleadings. Plaintiff also requests additional time to comply with the Court's previous order. *Id.* at 2. The entry of this Report and Recommendation renders these requests **MOOT** and each Motion has been **TERMINATED** accordingly.

[4] Plaintiff also filed a Petition on 9/26/2025; *Barnett v. Bridges et al*; 24-cv-01001-JD. Transferred 10/28/2024 to the Eastern District of Oklahoma.

Plaintiff has successfully complied with the orders directed within the 2 cases identified above, and the undersigned takes particular note as follows:

A. Plaintiff not only filed an Amended Complaint on March 3, 2025, but also an Objection to a Report and Recommendation, a Motion, a Letter and a Pro se litigants request for issuance of 6 summonses. *See* ECF Nos. 29, 33, 36-38, *Barnett v. Hamilton et al.*, Case No. 24-cv-00790-J (W.D. Okla.);

B. Mr. Barnett's litigation in a third Section 1983 civil rights action began on February 26, 2025, and was ultimately dismissed on August 26, 2025. Plaintiff's filings in that matter consisted of a Complaint, four Motions, two Notices, and an Objection to a Report and Recommendation. *See* ECF Nos. 1-2, 6-7, 9, 11, 13 and 15, *Barnett v. Oklahoma State Reformatory et al.*, 25-cv-00248-J, (W.D. Okla.).

The noted filings in Mr. Barnett's subsequent cases were all filed during the now 8-month period Mr. Barnett has failed to comply in the instant matter. The Court has endeavored to provide the Plaintiff every opportunity to prosecute his case, and Plaintiff has been granted an inordinate amount of time to either properly respond to the Motion to Dismiss[5] or file an amended complaint. But to date, Mr. Barnett has not submitted a proper response to the Defendants' Motion to Dismiss, nor has an amended complaint been received.

The undersigned finds that Plaintiff's failure to comply with the Court's Order, in light of the Court's right and responsibility to manage its cases, warrants dismissal of this action

---

[5] Mr. Barnett filed an "Answer to Defendants' Motion to Dismiss," but it included a Motion for Preliminary Injunction and a Motion to Add Parties. *See* ECF No. 29. However, the Court, when addressing Plaintiff's numerous Motions (ECF Nos. 28-32) specifically instructed Mr. Barnett that what he had filed as a response to the Motion to Dismiss was improper and ordered him to file either: (1) A PROPER RESPONSE/OBJECTION to the pending Motion to Dismiss, in compliance with the Court's rules, referencing the pending Motion (ECF No. 27) or (2) AN AMENDED COMPLAINT which would supersede and effectively vacate the original complaint and any supplements, amendments and motions in response. *See* ECF No. 33:3, *see supra* n. 2. Because Mr. Barnett has failed to comply with the Court's specific instruction within that order, the Defendants' Motion to Dismiss **(ECF No. 27)** is **STRICKEN** with the entry of this Report and Recommendation.

without prejudice. *See Nasious v. Two Unknown B.I.C.E. Agents at Arapahoe County Justice Center*, 492 F.3d 1158, 1161 n.2, 1162 (10th Cir. 2007) (*sua sponte* dismissal for failure to comply with Court's orders permitted under federal rules, and court need not follow any particular procedures in dismissing actions without prejudice for failure to comply).

## II.  RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based on the foregoing findings, it is recommended that this action be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to comply with this Court's orders.

Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of Court by **September 29, 2025**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Plaintiff is further advised that any failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## III.  STATUS OF THE REFERRAL

This Report and Recommendation terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on September 11, 2025.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE