UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER J. BARNETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. CIV-24-439-J |
| CYNTHIA SMITH, et al., | ) ) ) |
| Defendants. | ) |

**ORDER**

Plaintiff Christopher J. Barnett, a state prisoner appearing pro se, initiated this civil rights action on April 22, 2024. [Doc. No. 1].[1] The matter was referred for initial proceedings to United States Magistrate Judge Shon T. Erwin consistent with 28 U.S.C. § 636(b)(1)(B),(C). [Doc. No. 7]. On September 11, 2025, Judge Erwin issued a Report and Recommendation recommending dismissal of Plaintiff's Complaint without prejudice for failure to comply with four of the Court's previous orders, and "in light of the Court's right and responsibility to manage its cases." [Doc. No. 45 at 4]. Plaintiff timely objected, triggering de novo review. [Doc. No. 46].

Plaintiff's objections argue that: (1) he attempted to prosecute the case in good faith but never received the appropriate materials; and (2) dismissing the Complaint would deny him access to the justice system. Obj. at 3-4. Plaintiff cites to no legal authority to support his positions.

First, whether Plaintiff acted in good faith is, at this point, inapposite. Defendants filed a Motion to Dismiss on November 20, 2024. *See* [Doc. No. 27]. Plaintiff sought and received four extensions to file an amended complaint or, alternatively, respond to the Motion. Over ten months have passed, and Plaintiff has yet to file an amended complaint or response brief as ordered.

---

[1] All page citations refer to the Court's CM/ECF pagination.

Plaintiff's failure interferes with the Court's inherent right to manage its docket and courts are allowed to "dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders."  *Olsen v. Mapes*, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (holding that a trial court's power to dismiss for lack of prosecution "has generally been considered an inherent power governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases") (cleaned up).

Second, the Court does not deny Plaintiff access to the judicial system by dismissing his case without prejudice.  *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1097 (7th Cir. 2008) ("A dismissal without prejudice is nonfinal because the plaintiff remains free to refile his case.").  Plaintiff may refile when he is ready to timely prosecute his claim.

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 45] and DISMISSES the action without prejudice based upon Plaintiff's failure to comply with the Court's orders.

IT IS SO ORDERED this 30th day of September, 2025.

_____
BERNARD M. JONES
UNITED STATES DISTRICT JUDGE